UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| SEAWARD MARINE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CMA-CGM, S.A. *et al.*,<br><br>Defendants. | Civil No. 2:25cv214 |

**FINAL ORDER**

Pending before the Court is a Motion to Dismiss Amended Complaint (the "Motion to Dismiss") filed by Defendants CMA-CGM, S.A. (the "French Line") and M/V CMA-CGM Don Pascuale, (IMO No. 9318101) (the "Vessel") (together, "Defendants"). Mot., ECF No. 26. The Motion to Dismiss also contained a motion for reconsideration, wherein Defendants ask the Court to reconsider its prior order denying Defendants' motion for joinder of the Chesapeake Bay Bridge and Tunnel District as a necessary party pursuant to Rule 12(b)(7) (the "Motion for Reconsideration"). Mem. Supp. at 9–12, ECF No. 27. Pursuant to the provisions of 28 U.S.C. § 636(b)(1), and by Order of reference dated June 26, 2026, the Motion to Dismiss was referred to United States Magistrate Robert J. Krask ("Judge Krask") for a report and recommendation ("R&R"). Order, ECF No. 32.

On September 28, 2026, Judge Krask filed an R&R wherein he recommended that the Court: (1) grant the French Line's Motion to Dismiss with respect to the non-

contractual indemnity portion of the claim in Count 1 of the Amended Complaint; (2) deny the French Line's Motion to Dismiss Count 2 of the Amended Complaint; and (3) deny the Motion for Reconsideration. R&R at 12, 14, 15, ECF No. 34.

Each party was advised of the right to file objections to the R&R within 14 days, and the right to file a response to any such objections within 14 days after being served with a copy thereof. *Id.* at 16. On October 9, 2026, Plaintiff Seaward Marine Corporation ("Plaintiff") filed timely objections to the R&R (the "Objections"). Obj., ECF No. 35. On October 21, 2026, Defendants filed a timely response to the Objections. Resp., ECF No. 38. The Motion to Dismiss is ripe for adjudication.

When a magistrate judge's disposition has been properly objected to, the district judge must make *de novo* findings with respect to the portions objected to. Fed. R. Civ. P. 72(b)(3). The Court has reviewed the record and examined the Objections filed by Plaintiff and, upon *de novo* review, finds that the Objections should be overruled. In the Objections, Plaintiff objects only to the R&R's recommendation that the Court grant the French Line's Motion to Dismiss with respect to the non-contractual indemnity portion of the claim in Count 1 of the Amended Complaint. Obj. at 2, ECF No. 35. Upon review, the Court concludes that Judge Krask thoroughly and correctly evaluated Plaintiff's non-contractual indemnity claim, and therefore agrees that that portion of the claim in Count 1 of the Amended Complaint should be dismissed.

Accordingly, the Court hereby **ORDERS** and **ADJUDGES** as follows:

1. The R&R (ECF No. 34) is **ACCEPTED** and **ADOPTED**.
2. The Motion to Dismiss (ECF No. 26) is **GRANTED in part** and **DENIED**

**in part**. The Motion to Dismiss is **GRANTED** with respect to the non-contractual indemnity portion of the claim in Count 1 of the Amended Complaint. That portion of Count 1 is hereby **DISMISSED**. The Motion to Dismiss is **DENIED** with respect to the French Line's Motion to Dismiss Count 2 of the Amended Complaint. The Motion to Dismiss is further **DENIED** with respect to the Motion for Reconsideration contained therein.

The Clerk is **REQUESTED** to please provide a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
Senior United States District Judge

November 6, 2026
Norfolk, Virginia